IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


UNION PACIFIC RAILROAD COMPANY                                          PLAINTIFF


VS.                                       CASE NO. 07-CV-4044


HP GLOBAL TRANSPORTATION
SERVICES, INC., and STEADFAST
INSURANCE COMPANY                                                      DEFENDANTS


**MEMORANDUM OPINION**

Before the Court is a Motion for Summary Judgment filed by Plaintiff, Union Pacific

Railroad Company ("Union Pacific"), against Separate Defendant Steadfast Insurance Company

("Steadfast"). (Doc. 25). Steadfast has responded. (Doc. 31). Union Pacific has filed a reply.

(Doc. 39). The Court held a hearing regarding Union Pacific's Motion for Summary Judgment on

September 28, 2009. The Court finds this matter ripe for consideration.

I. BACKGROUND

This lawsuit arose out of an incident that occurred on April 30, 2003, when a boxcar door

fell on Gary Taylor, a Union Pacific employee, and seriously injured him. Mr. Taylor subsequently

sued Union Pacific pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., wherein

he alleged Union Pacific's unsafe work conditions caused the boxcar door to fall on him at Union

Pacific's yard in Pine Bluff, Arkansas.[1]

During Union Pacific's investigation of the incident, it learned that employees of HP Global

Transportation Services, Inc., ("HP Global"), contractors hired by Union Pacific to open boxcar

doors and clean boxcars, had pulled off one of two doors from a boxcar some days before the

incident with Mr. Taylor. It is disputed whether the door that HP Global employees pulled off was

---

[1]Mr. Taylor filed his lawsuit in the Circuit Court of St. Louis, Missouri.

from the same boxcar that was involved in Mr. Taylor's accident. Nevertheless, the boxcar that was involved in Mr. Taylor's accident had only one door attached at the time of the accident. Union Pacific's inspection of the boxcar involved in Mr. Taylor's accident revealed that the upper track or rail, which allows the doors to slide together and apart, had been bent outward. The damage to this upper track allowed the second door to fall off the boxcar onto Mr. Taylor when he attempted to open the second door to place the previously removed door back into the boxcar.

HP Global was required to contract with Union Pacific to provide indemnification and insurance coverage to Union Pacific. Thus, Union Pacific sought from HP Global a defense and coverage for the Taylor litigation. Union Pacific concluded that HP employees had caused the damage to the boxcar rails when it pulled the boxcar door off and that this is what caused the accident involving Mr. Taylor. However, Steadfast has denied coverage based upon its position that the operations of HP Global had no such involvement in the cause of Mr. Taylor's accident.

Union Pacific eventually settled the case with Mr. Taylor for $1.8 million. Steadfast refused to participate in the settlement negotiations with Mr. Taylor, refused to tender a defense for Union Pacific in the Taylor litigation, and refused to pay out any money pursuant to the insurance policy, which has a primary policy limit of $1 million and an umbrella policy limit of $3 million.

Union Pacific filed the present action in April 2007, alleging that it was an insured pursuant to a general commercial liability policy and umbrella policy issued by Steadfast to HP Global, and as such, Steadfast had a duty to defend Union Pacific and provide coverage to Union Pacific for any liability Union Pacific faced in the Taylor lawsuit. Union Pacific alleges that Steadfast breached its contract of insurance when it denied coverage to Union Pacific for the Taylor accident and refused to defend Union Pacific in the Taylor litigation. Union Pacific further alleges that Steadfast committed the tort of bad faith when it did not tender a defense to Union Pacific and did not make

any meaningful contribution to a reasonable settlement of claims against its insured. The Court will now decide whether Union Pacific is entitled to summary judgment on its claims against Steadfast.

## II.  SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party.  *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.   A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III.  DISCUSSION

Union Pacific asserts that one of the reasons it is entitled to summary judgment against Steadfast is that the primary and umbrella policies issued to HP Global by Steadfast provide coverage to Union Pacific for the claims made and settlement in the Taylor litigation.  Pursuant to

a service agreement entered into between Union Pacific and HP Global, HP Global was required to procure insurance naming Union Pacific as an additional insured with respect to all liabilities arising out of HP Global's performance of work on behalf of Union Pacific. The primary policy included as an insured:

> [a]ny person or organization whom you are required by a written contract to name as an additional insured. This provision applies only as respects to the operation of the insured designated in the declarations.

(Doc. 27-4, STF-CGL-358-A). It is undisputed that HP Global was required to name Union Pacific as an insured. Thus, Union Pacific is an insured of the primary policy for claims "as respects to" the operation of HP Global designated in the declarations. The "operation" of HP Global designated in the policy was that of a "Railroad Contractor," and the services agreement between Union Pacific and HP Global stated that HP Global was responsible for opening and closing all boxcars' exterior doors. The question here regarding coverage is whether Mr. Taylor's injuries were "as respects to" HP Global's operations as a "Railroad Contractor" for Union Pacific.

Union Pacific argues that it was the opening and damaging of the boxcar door by HP Global's employees on April 26, 2003, that began the chain of events that led to Mr. Taylor's injuries. According to Union Pacific, there is no question that one or more of HP Global's employees damaged the boxcar involved in Mr. Taylor's accident. However, this fact is disputed by HP Global. Jose Mondragon, an employee of HP Global, stated in a recorded interview that he was present when an HP Global employee pulled a door off a boxcar on April 19. (Doc. 28-1, GLO006320). HP Global offers the affidavit of Jose Mondragon which states that he saw an HP Global employee damage a boxcar and that he was aware that Freddie Rameraz told a Union Pacific investigator that HP Global damaged a boxcar with a pin (Doc. 31-1, ¶ 6). Mr. Rameraz stated in a recorded interview that a boxcar door was damaged by HP Global on April 19 and that the boxcar

that HP Global damaged was latched with a pin and not a handle. (Doc. 28-2, GLO006280-81).

However, the door involved in Mr. Taylor's accident appears in one photograph to have a handle.

HP Global asserts that there is a genuine issue of material fact as to whether the boxcar damaged by HP Global employees was the same boxcar that was involved in Mr. Taylor's accident. The Court agrees. There is no question that HP Global was responsible for damaging a boxcar door before Mr. Taylor's accident. However, if HP Global did not in any way damage the boxcar involved in Mr. Taylor's accident, then Mr. Taylor's injuries were not "as respects to" HP Global's operations as a "Railroad Contractor" for Union Pacific. Therefore, Union Pacific would not qualify as an insured under the primary policy issued to HP Global by Steadfast. The Court finds that there exists a genuine issue of material fact as to whether the boxcar involved in Mr. Taylor's accident was the same boxcar that was damaged by HP Global employees. Accordingly, Union Pacific is not entitled to summary judgment.

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Union Pacific's Motion for Summary Judgment against Steadfast should be and hereby is **DENIED**. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 26th day of March, 2010.

       /s/ Harry F. Barnes
       Hon. Harry F. Barnes
       United States District Judge